IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA BISHOP, <br>     Plaintiff, <br><br> v. <br><br> CAPITAL MANAGEMENT SERVICES, LP, <br>     Defendant. | ) <br> ) <br> ) <br> ) **Case No.:** <br> ) <br> ) **COMPLAINT AND DEMAND FOR** <br> ) **JURY TRIAL** <br> ) <br> ) **(Unlawful Debt Collection Practices)** <br> ) |

## COMPLAINT

DEBRA BISHOP ("Plaintiff"), by and through her attorney, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL MANAGEMENT SERVICES, LP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3. Defendant conducts business in the state of Connecticut; as such personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Yalesville, Connecticut.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 726 Exchange Street., Suite 700, Buffalo, New York 14210.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect an alleged Discover credit card debt and attempted to collect that debt from Plaintiff.

11. The debt arose out of transactions that were primarily for personal, family, or household purposes.

12. Plaintiff has no business debt, so the debt could have only been personal in nature.

13. Throughout November and December of 2011, Defendant, and those it retained, placed repetitive and continuous collection calls to Plaintiff on her home and cellular telephones.

14. Defendant's harassing debt collection calls originated from phone number (877) 219-0853. The undersigned has confirmed that this number belongs to Defendant.

15. Defendant's collectors, including but not limited to "Lorenzo Stewart", contacted Plaintiff, on average, at least two times per day.

16. On some days, Defendant called Plaintiff at least four times.

17. On at least one occasion, Defendant's collector contacted an individual with whom Plaintiff has not spoken since high school, and left a message on her voicemail regarding Plaintiff.

18. The above message was placed only after Defendant had already contacted Plaintiff using her correct home and cellular telephone numbers.

19. Plaintiff avers that Defendant's calls to a high school contact appear to have been the result of some sort of social media investigation, as there would be no other reason for Defendant to have contacted that person other than through social media searches.

20. This conversation forced Plaintiff to explain her financial woes to a third party with whom Plaintiff had not spoken in almost thirty years, which was highly stressful and embarrassing to Plaintiff.

21. Plaintiff believes that Defendant made this call to Plaintiff's high school friend with the intent to humiliate Plaintiff.

22. Defendant's conduct caused significant stress and embarrassment to Plaintiff, as Plaintiff had not spoken with this individual in almost thirty years.

23. Finally, Defendant never provided Plaintiff with written notification of her right to dispute the debt or to demand verification thereof, within five (5) days of its first communication with Plaintiff.

‌
‌
‌

24. Defendant acted with intent to harass and humiliate Plaintiff into paying the alleged debt.

## COUNT I
### DEFENDANT VIOLATED THE § 1692c(b) OF FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692c(b) of the FDCPA prohibits debt collectors from communicating with any third party related to a consumer's debt, except to acquire the consumer's location information.

26. Defendant violated § 1692c(b) of the FDCPA when it called Plaintiff's former high school friend after it had Plaintiff's contact information.

## COUNT II
### DEFENDANT VIOLATED § 1692d OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

28. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it contacted Plaintiff's high school friend for the purpose of embarrassing Plaintiff, and when it engaged in other harassing or abusive conduct.

## COUNT III
### DEFENDANT VIOLATED § 1692d(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously

with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692f OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

32. Defendant violated § 1692f of the FDCPA repeatedly and continuously, when it contacted Plaintiff's high school friend for the purpose of embarrassing Plaintiff, and when it engaged in other unfair conduct.

## COUNT V
## DEFENDANT VIOLATED § 1692g(a) OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692g(a) of the FDCPA requires that debt collectors send notice to a consumer within five days after the initial communication with a consumer written notification of the amount of the debt, the name of the creditor, the statement that the consumer has thirty days after receipt of the notice to dispute the debt, and after which the debt is presumed valid, that a consumer has a right to obtain verification of the debt, and that a consumer has a right to obtain information about the original creditor.

34. Defendant violated § 1692g(a) of the FDCPA when it failed to send Plaintiff notification of her right to dispute the debt and to demand verification thereof within five days of the initial communication.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DEBRA BISHOP, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEBRA BISHOP, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DEBRA BISHOP,
By her Attorney,


/s/ Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: May 29, 2012